T.C. Summary Opinion 2003-166


UNITED STATES TAX COURT


LAWRENCE ROBERT GAMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19013-02S.          Filed December 15, 2003.


Lawrence Robert Gamer, pro se.

<u>Laura A. McKenna</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2000, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 2000 in the amount of $5,267.

The sole issue for decision is whether a payment of $37,000 made by petitioner to his former wife in 2000 is deductible as alimony under section 215. We hold that it is not.

An adjustment to the amount of petitioner's itemized deductions is a purely mechanical matter, the resolution of which is dependent on our disposition of the disputed issue.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Loxahatchee, Florida, at the time that his petition was filed with the Court.

At or about the time they were married in July 1997, petitioner and his then wife, Deborah Gamer (Ms. Gamer), jointly purchased a residence in which they lived during their marriage. The residence was titled in the couple's joint names as tenants by the entireties.

Petitioner and Ms. Gamer were divorced in March 2000.

On or about February 22, 2000, petitioner and Ms. Gamer entered into a Marital Settlement Agreement (settlement agreement). The settlement agreement provided, in part, as follows:

> 10. Alimony. Each party does hereby waive alimony and does hereby totally, irrevocably and completely relieve the other party of all matters and charges whatsoever excepting as set forth in this

instrument, each releasing the other of and from all claims and demands for anything whatsoever in the future, including, but not limited to, alimony and separate maintenance, regardless of the future income of the husband and wife.

*    *    *    *    *    *    *

14.  <u>Parties Bound</u>.  This Settlement Agreement shall be binding upon the heirs, legatees, devisees, administrators, and personal representatives of the parties hereto and, in the event of the death of either of the parties of this Settlement Agreement while said Settlement Agreement is in force and effect, the estate of said deceased party shall be obligated and responsible for the performance of the obligations and conditions of this Settlement Agreement.

*    *    *    *    *    *    *

18.  <u>Marital Residence</u>.  The parties jointly own as tenants by the entireties a certain single family residence * * *.  Within ten days of the execution of this Agreement, the husband shall pay to the wife in current cash funds the sum of $37,000 representing the wife's interest in this residence.  Contemporaneous with the transfer of these funds, the wife shall execute a quit-claim deed conveying to the husband all of her right, title and interest in this property.

The provisions of the settlement agreement were incorporated into a Final Judgment of Dissolution of Marriage.

On March 7, 2000, petitioner issued a check payable to Ms. Gamer in the amount of $37,000.  Petitioner wrote "Settlement" on the memo section of the check.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for the taxable year 2000.  On his 2000 return, petitioner claimed a deduction in the amount of $37,000 for "alimony paid" to Ms. Gamer.

On September 3, 2002, respondent issued a notice of deficiency to petitioner determining a $5,267 deficiency in his income tax for the 2000 taxable year. In the notice, respondent disallowed the $37,000 deduction for alimony claimed by petitioner on the ground that "Lump-sum cash paid as a property settlement is not deductible as alimony."

Discussion[2]

Generally, a property settlement incident to a divorce is not a taxable event and does not give rise to a deduction. Sec. 1041; Estate of Goldman v. Commissioner, 112 T.C. 317, 322 (1999), affd. without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000). However, section 215(a) allows a deduction for the payment of alimony during a taxable year.

Section 215(b) defines alimony as payment which is includable in the gross income of the recipient under section 71. Section 71(b) provides a four-step inquiry for determining whether a cash payment is alimony. Section 71(b) provides:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> (A) such payment is received by (or on

---

[2] We decide the issue in this case without regard to the burden of proof. See sec. 7491; Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001).

behalf of) a spouse under a divorce or separation instrument,

     (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

     (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

     (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Accordingly, if the payment made by petitioner fails to meet any one of the four enumerated criteria, that payment is not alimony and is not deductible by petitioner.

The parties agree that petitioner's $37,000 payment to Ms. Gamer satisfies the requirements set forth in section 71(b)(1)(A), (B), and (C). On the other hand, the parties dispute whether the requirements of section 71(b)(1)(D) have been satisfied.

The history of section 71(b)(1)(D) establishes that it was enacted to distinguish alimony, deductible by the payor and includable in the payee's gross income, from payments in the nature of property settlements, which are nondeductible by the

payor and excludable from the payee's gross income.

In 1984, Congress revised section 71 in an attempt to minimize the differences in Federal tax consequences created by differences in State laws and to establish an objective and uniform Federal standard as to what constitutes alimony. See sec. 422(a) of the Deficit Reduction Act of 1984 (DRA 1984), Pub. L. 98-369, 98 Stat. 795; see also H. Rept. 98-432, Part 2, 1495, 1496 (1984), wherein the House Ways and Means Committee articulated the purpose of the 1984 amendment as follows:

> The Committee bill attempts to define alimony in a way that would conform to general notions of what type of payments constitute alimony as distinguished from property settlements and to prevent the deduction of large, one-time lump-sum property settlements. [Emphasis added.]
>
> *   *   *   *   *   *   *
>
> In order to prevent the deduction of amounts which are in effect transfers of property unrelated to the support needs of the recipient, the bill provides that a payment qualifies as alimony only if the payor * * * has no liability to make any such payment for any period following the death of the payee spouse. * * *

For payments to constitute alimony, section 71(b)(1)(D), as originally enacted by DRA 1984, required the divorce or separation instrument to state that there was no liability on the payor spouse to make the payments after the death of the payee spouse.[3] However, under the statutory law of most States,

---

[3]  As amended by the Deficit Reduction Act of 1984, Pub. L.
(continued...)

alimony terminates at the death of the payee spouse unless the separation agreement or the divorce decree provides to the contrary. Therefore, in 1986, Congress struck from section 71(b)(1)(D) the parenthetical providing for alimony treatment only if the divorce or separation instrument stated that there was no liability on behalf of the payor spouse to make the payments after the death of the payee spouse. See sec. 1843(b) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2853. But even after the 1986 amendment, whether an obligation to make payments survives the death of the payee spouse "may be determined by the terms of the applicable instrument, or if the instrument is silent on the matter, by looking to State law." Kean v. Commissioner, T.C. Memo. 2003-163.

The issue before us is whether the $37,000 payment petitioner made to Ms. Gamer pursuant to the settlement agreement was for her support, thus constituting alimony, or in the nature of a property settlement and therefore not deductible from his gross income. Specifically, we must decide whether under the

---

[3](...continued)
98-369, 98 Stat. 795, sec. 71(b)(1)(D) provided as follows:

> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse (and the divorce or separation instrument states that there is no such liability).

terms of the settlement agreement, petitioner would have been liable for the $37,000 payment in the event of Ms. Gamer's prior death.

Respondent contends that petitioner was obligated under the terms of the settlement agreement to make the $37,000 payment to Ms. Gamer in the event of her prior death. Petitioner primarily argues that, because the $37,000 payment was required to be made almost simultaneously with the execution of the settlement agreement (i.e., within 10 days of the date of the settlement agreement), there arose no liability that would not have terminated at Ms. Gamer's death.

We hold that the $37,000 payment petitioner made to Ms. Gamer in 2000 was a property settlement and not deductible alimony.

In reaching our conclusion, we apply the language of the settlement agreement itself. Paragraph 10 of the settlement agreement provides that both petitioner and Ms. Gamer waive alimony. Paragraph 18 of the settlement agreement, however, provides that "[petitioner] shall pay [Ms. Gamer] the sum of $37,000" in exchange for Ms. Gamer's interest in the marital residence. The terms of the settlement agreement do not state that petitioner's liability to make the $37,000 payment would cease upon the prior death of Ms. Gamer. Additionally, paragraph 14 of the settlement agreement provides that petitioner and Ms.

Gamer remain bound to all obligations of the settlement agreement in the event of the death of either individual. Petitioner also admitted at trial that he understood that under the terms of the settlement agreement, in the event of Ms. Gamer's prior death, he would still be obligated to make the $37,000 payment to Ms. Gamer's estate and Ms. Gamer's estate would still be obligated to transfer her interest in the marital residence to him.

The fact that petitioner was required to make the $37,000 payment within 10 days of the execution of the settlement agreement is irrelevant. In Webb v. Commissioner, T.C. Memo. 1990-540, the separation agreement provided, in part, that "The Husband shall pay, simultaneously with the execution of this Agreement, to the Wife, the sum of [$15,000]". We held that the fact that the separation agreement provided that the husband "shall pay" was sufficient to create a liability that would have been enforceable by the ex-wife's estate had she died after the execution of the separation agreement but before payment by the husband. In Webb, it was of no consequence that the husband's payment was made simultaneously with the execution of the separation agreement.

We find that the terms of the settlement agreement provide that petitioner would still be required to make the $37,000 payment in the event of Ms. Gamer's prior death. Accordingly, the $37,000 payment from petitioner to Ms. Gamer fails to satisfy

the requirements of section 71(b)(1)(D) and, therefore, does not qualify as deductible alimony.  In view of the foregoing, we sustain respondent's determination.

We have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we find them to be without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.